IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOWARD W.C.C. TOM SUN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY & COUNTY OF ) <br> HONOLULU; DEPARTMENT OF ) <br> ENTERPRISE SERVICES; J. H. ) <br> WILKINSON, Superintendent of the ) <br> Building Services Division Safety ) <br> Committee, in his Official and ) <br> Individual Capacity; LOPE B. ) <br> SALVATIERRA, Enterprise ) <br> Services Section Supervisor, in his ) <br> Official and Individual Capacity; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE CORPORATIONS 1-10; ) <br> AND DOE PARTNERSHIPS 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | CIV. NO. 00-00397 BMK <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL, DENYING MOTION TO AFFIRM JURY AWARD TO PLAINTIFF, STRIKING PLAINTIFF'S JOINDER IN DEFENDANTS' MOTION FOR A NEW TRIAL, AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN
THE ALTERNATIVE, MOTION FOR A NEW TRIAL, DENYING
MOTION TO AFFIRM JURY AWARD TO PLAINTIFF, STRIKING
PLAINTIFF'S JOINDER IN DEFENDANTS' MOTION FOR A NEW
TRIAL, AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Background

Following a jury verdict in favor of Plaintiff Howard W.C.C. Tom

Sun and against Defendants City and County of Honolulu, et al. under 42 U.S.C.

§ 1983 and the Hawaii Whistleblowers' Protection Act, Hawaii Revised Statutes ("HRS") § 378, Defendants have asked that judgment be entered in their favor as a matter of law. Alternatively, they have requested a new trial. Plaintiff has asked that the jury award be affirmed, and he seeks attorney's fees. The motions were heard on December 1, 2005. Following the hearing, and without leave of Court, Plaintiff filed a joinder in Defendants' Motion for a New Trial.

For the reasons that follow, the Court: (1) GRANTS IN PART and DENIES IN PART Defendants' Renewed Motion for Judgment as a Matter of Law; (2) DENIES Defendants' Alternative Motion for a New Trial; (3) DENIES Plaintiff's Motion to Affirm Jury Award to Plaintiff; (4) STRIKES Plaintiff's Joinder in Defendants' Motion for a New Trial; and (5) DENIES Plaintiff's Motion for Attorney's Fees.

Facts and Procedural History

Plaintiff is employed as a painter by the Department of Enterprise Services of the City and County of Honolulu ("DES") and has been so employed since April 2, 1987. Defendant Lope B. Salvatierra ("Salvatierra") is Plaintiff's supervisor, and Defendant Jay H. Wilkinson ("Wilkinson") is Salvatierra's supervisor.

Throughout his employment, Plaintiff complained to DES and other government agencies that the painters at DES did not have appropriate safety equipment and that they often were exposed to hazardous chemicals and substances.

On February 28, 2000, Plaintiff purchased two boxes of dust and mist masks without prior approval or having submitted a purchase order. The following day, Salvatierra met with Plaintiff to discuss the matter. Salvatierra testified that Plaintiff became upset and was insubordinate. On March 2, 2000, Wilkinson issued Plaintiff a Counseling Sheet for an unauthorized procurement of the masks without an approved purchase order and for Plaintiff's insubordination in speaking with Salvatierra on February 29, 2000. Plaintiff asserts that the counseling session and the placement of the counseling sheet in his file were in retaliation for his complaints about the lack of safety equipment and unsafe working conditions.

Plaintiff filed his Complaint on June 6, 2000, alleging that Defendants: (1) took adverse employment action against Plaintiff in retaliation for Plaintiff's exercise of his right to free speech under the First and Fourteenth Amendments to the United States Constitution; (2) violated Plaintiff's rights under the Hawaii Whistleblowers' Protection Act; and (3) intentionally inflicted emotional distress upon Plaintiff. Plaintiff also included a count for punitive damages.

On May 20, 2002, United States District Judge Helen Gillmor filed an Order Granting Defendants' Motion for Summary Judgment. On April 8, 2004, upon remand from the Ninth Circuit, Judge Gillmor reconsidered Defendants' summary judgment motion in light of the redefined standard for district courts to apply in determining whether a particular action may be characterized as an adverse employment action set forth in <u>Coszalter v. City of Salem</u>, 320 F.3d 968 (9th Cir. 2003). The Court entered an Order Granting in Part and Denying in Part Defendants' Motion. The Court held that Plaintiff made a sufficient showing to proceed to trial on his First Amendment employer retaliation and Hawaii Whistleblowers' Protection Act claims. The Court, however, dismissed Plaintiff's claims for intentional infliction of emotional distress and for punitive damages.

The case proceeded to trial before this Court on August 2, 2005. On August 4, 2005, after Plaintiff rested, Defendants moved for judgment as a matter of law. This motion was denied. On August 5, 2005, the jury returned a verdict in favor of Plaintiff, awarding $1,500,000.00 in damages.

<u>Standard of Review</u>

I.   <u>Renewed Motion for Judgment as a Matter of Law</u>

If, at the close of evidence at trial, a party makes a motion for judgment as a matter of law which is not granted by the Court, that party may renew

its request by filing a renewed motion after entry of judgment. See Fed. R. Civ. P. 50(b). A renewed motion for judgment as a matter of law is governed by Federal Rule of Civil Procedure 50(b), which provides in relevant part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
>
> (1) if a verdict was returned:
>   (A) allow the judgment to stand,
>   (B) order a new trial, or
>   (C) direct entry of judgment as a matter of law[.]

Fed. R. Civ. P. 50(b)(1).

Judgment as a matter of law is authorized "if there is no legally sufficient basis for a reasonable jury to find in favor of [Plaintiff]." Bell v. Clackamas County, 341 F.3d 858, 865 (9th Cir. 2003) (citing Fed. R. Civ. P. 50(a)). The jury verdict will be affirmed if it is supported by substantial evidence. Mockler v. Multnomah County, 140 F.3d 808, 815, n.8 (9th Cir. 1998). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions

from the evidence." Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (internal quotations and citations omitted).

"[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).  Thus, in deciding whether judgment as a matter of law is warranted, the Court may not assess the credibility of witnesses and must draw all reasonable inferences in the nonmovant's favor (in this case, Plaintiff).  Bell, 341 F.3d at 865.  The Court "may not substitute its view of the evidence for that of the jury." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001).  See also Harvey v. Office of Banks and Real Estate, 377 F.3d 698, 707 (7th Cir. 2004) ("Our job at this stage is not to determine whether the jury believed the right people, but only to assure that it was presented with a legally sufficient basis to support the verdict.") (citation omitted).

II.   Motion for a New Trial

A motion for new trial is governed by Federal Rule of Civil Procedure 59, which provides in relevant part:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there

> has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Fed. R. Civ. P. 59(a).

The Ninth Circuit has consistently held that a district court's finding that there is substantial evidence to uphold the verdict on a motion for judgment as a matter of law will not necessarily prevent the Court from ordering a new trial. However, Ninth Circuit case law has been less consistent in articulating the circumstances that warrant a new trial, stating variously that district courts have discretion to grant Rule 59 motions when the verdict is "against the clear [or 'great'] weight of the evidence," when the evidence shows that the jury has reached a "seriously erroneous result," and/or when the evidence shows that acceptance of the verdict would cause a "miscarriage of justice." EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir. 1997) (internal quotations and citations omitted) ("Although the court's ruling on an alternative motion for a new trial involves the exercise of some discretion, a stringent standard applies when the motion is based on insufficiency of the evidence. A motion will be granted on this ground only if the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result."); Roy v. Volkswagen of America, 896 F.2d 1174, 1176 (9th Cir. 1990) ("The trial court may grant a new trial, even though

the verdict is supported by substantial evidence, if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.") (citing Hanson v. Shell Oil Co., 541 F.2d 1352, 1359 (9th Cir. 1976)) (internal quotation omitted).

While the Court has discretion to assess the evidence within these frameworks ("against the clear weight of the evidence," "seriously erroneous result," "miscarriage of justice"), the standard for finding insufficient evidence warranting a new trial remains high. Roy, 896 F.2d at 1176 ("While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'") (citing Wilhelm v. Assoc. Container Transp. (Australia) Ltd., 648 F.2d 1197, 1198 (9th Cir. 1981).

## Discussion

I.   Free Speech Retaliation Claim

To establish his free speech retaliation claim against the Defendants, Plaintiff must show: "(1) Plaintiff engaged in protected speech; (2) Defendant took 'adverse employment action'; and (3) Plaintiff's speech was a 'substantial or motivating' factor for the adverse employment action." Coszalter, 320 F.3d at 973 (citations omitted). Although Defendants do not dispute that Plaintiff engaged in

protected speech, they continue to maintain that no adverse employment action was taken against him because the issuance of the Counseling Sheet did not result in any loss of governmental benefit or privilege. Defendants also contend that Plaintiff's speech was not a substantial motivating factor for Defendants' actions.

  A. <u>Adverse Employment Action</u>

  In a First Amendment employer retaliation case, a plaintiff establishes he suffered an adverse employment action if he proves that the defendant's actions were "reasonably likely to deter [him] from engaging in protected activity." <u>Coszalter</u>, 320 F.3d at 976. The Ninth Circuit in <u>Coszalter</u> expressly characterized threats of disciplinary action and unwarranted disciplinary investigations as actions reasonably likely to deter a plaintiff from engaging in protected activity. <u>See id.</u>

  Plaintiff clearly alleges and he testified in this case that his supervisors subjected him to unwarranted counseling and instigated an unwarranted workplace violence investigation because of his complaints concerning workplace conditions. In the Counseling Sheet that documents the counseling session Defendant Wilkinson had with Plaintiff, he indicates that he informed Plaintiff disciplinary action would be taken in the future regarding Plaintiff's alleged subordination, "if

necessary." (Counseling Sheet, Ex. 132.) The evidence further reflects that the Counseling Sheet remains in Plaintiff's employment file to this date.[1]

It is entirely appropriate for the jury to have concluded that the issuance of the Counseling Sheet and the workplace violence investigation were actions reasonably likely to deter Plaintiff from engaging in protected activity. The jury's finding that Plaintiff suffered an adverse employment action will not be set aside.

B.   Substantial or Motivating Factor

There are three ways in which an employee can show that his protected speech was a substantial or motivating factor for the employer's actions. The employee can show the "proximity of time between the protected action and the allegedly retaliatory employment decision." Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 751 (9th Cir. 2001). The employee can also demonstrate his employer's opposition to his speech. Id. Finally, the employee can establish that "his employer's proffered explanations for the adverse employment action were false and pre-textual." Id. at 752.

---

[1] The Court notes that in light of the verdict in this case, it would be appropriate for Defendants to remove the Counseling Sheet and any other documents in Plaintiff's personnel file relating to this disciplinary incident.

There is substantial evidence supporting the jury's finding that Plaintiff's protected speech was a motivating factor for Defendants' actions. Plaintiff testified that just a few weeks before receiving the Counseling Sheet, he expressed his concerns to Salvatierra about dangerous working conditions, the deficiency of skilled workers, and the lack of ladders. Moreover, Plaintiff's testimony that Defendants did not evenly enforce the policy requiring an approved purchase order prior to employees' purchasing of equipment and supplies, and that he did not become angry and argumentative with Salvatierra in his meetings with Salvatierra prior to the instigation of the workplace violence investigation, supports a finding that Defendants' reasons for their action against Plaintiff were false and pretextual.

    C.    <u>Damages</u>

Although the jury's finding that Defendants retaliated against Plaintiff for the exercise of his First Amendment rights is affirmed, the Court finds that there is no support for the $1,500,000.00 verdict. That is because Plaintiff failed to prove any actual damages suffered as a result of Defendants' retaliation. Plaintiff offered no evidence of any special damages, and he also presented no evidence from which the jury could award any general damages.

Special damages "are those elements of damages that are the natural, but not the necessary, consequence of a defendant's conduct." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1310 (Supp. 2005). Such damages are often considered to be synonymous with pecuniary loss and include such items as loss of earnings and medical and hospital expenses. General damages "encompass all the damages which naturally and necessarily result from a legal wrong done," Ellis v. Crockett, 51 Haw. 45, 50, 451 P.2d 814, 819 (1969), and include such items as physical or mental pain and suffering which cannot be measured definitively in monetary terms. In re Hawaii Federal Asbestos Cases, 734 F. Supp. 1563, 1567 (D. Haw. 1990)

In this case, Plaintiff did not submit any evidence of pecuniary loss attributed to injuries incurred as a result of Defendants' retaliation. Plaintiff testified that he was not terminated or forced to change jobs, was not suspended, and did not receive a reduction of pay as a result of receiving the Counseling Sheet. Plaintiff continues to work in his same position as a painter for DES.

Plaintiff also failed to submit any evidence to support an award of general damages. Plaintiff did not testify that he suffered any disability, pain, or emotional distress as a consequence of Defendants' retaliation.

Plaintiff argues that two workers compensation claims he filed proves that he suffered damages. The evidence reflects, however, that both of these claims were for alleged job related injuries and not for any disability or harm in any way sustained as a result of or connected to Defendants' retaliation.

Since Plaintiff failed to establish any special or general damages sustained as a result of the retaliation, the Court is left with no alternative but to set aside the $1,500,000.00 award. That does not mean, however, that judgment is to be entered in favor of Defendants. When a party proves a violation of his constitutional rights but fails to prove actual damages, nominal damages must be awarded. Estate of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000). Accordingly, the Court hereby orders that Plaintiff be awarded $1.00 in nominal damages on his free speech retaliation claim.

II.   Plaintiff's Claim under the Hawaii Whistleblowers' Protection Act

The Whistleblowers' Protection Act makes it unlawful for an employer to retaliate against a whistleblower.[2] Haw. Rev. Stat. Ann. § 378-62 (West,

---

[2] HRS § 378-62 states in pertinent part:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because . . . [t]he employee . . . reports . . . to a public body . . . a violation or a suspected violation of a law or rule adopted pursuant to law of this State, a political subdivision of this State, or the United States, unless the employee knows

Westlaw current through 2004). To prevail on this claim, an employee must prove that he suffered an adverse action. Crosby v. State Dept. of Budget & Finance, 76 Haw. 332, 341-42, 876 P.2d 1300, 1309-10 (1994). A further essential element of a whistleblowers' claim is the proof of actual damages. HRS § 378-63(a).

Although Plaintiff proved the existence of an adverse employment action, the failure to submit any evidence to support an award of actual damages is fatal to his whistleblowers' claim. Defendants are entitled to judgment as a matter of law on this claim.

III. <u>Defendants' Motion for a New Trial and Plaintiff's Motion to Affirm Jury Award to Plaintiff</u>

In light of the Court's resolution of the Renewed Motion for Judgment as a Matter of Law, Defendants' Alternative Motion for a New Trial and Plaintiff's Motion to Affirm the Jury Award are denied.

IV. <u>Plaintiff's Joinder in Defendants' Motion for a New Trial</u>

Rule 7.9 of the Local Rules of Practice for the United States District Court for the District of Hawaii states in pertinent part:

> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within two business days of the filing of the motion or opposition joined in.

---

that the report is false . . . .

Haw. Rev. Stat. Ann. § 378-62 (West, Westlaw current through 2004).

> "Substantive joinder" means a joinder based on a memorandum supplementing the motion or opposition joined in.

Defendants' Alternative Motion for a New Trial was filed on August 29, 2005.  Three months later, and without leave of court in violation of LR7.9, Plaintiff filed a substantive joinder to Defendants' Motion on December 1, 2005.  The joinder is hereby Stricken.

V.  Plaintiff's Request for Attorney's Fees

In an action brought pursuant to 42 U.S.C. § 1983, the court in its discretion may award reasonable attorney's fees and costs to the prevailing party. 42 U.S.C. § 1988(b).  A plaintiff who receives a nominal damages award in a § 1983 case is a prevailing party for purposes of § 1988 and therefore may be eligible for attorney's fees.  Farrar v. Hobby, 506 U.S. 103, 112, 113 S.Ct. 566 121 L.Ed.2d 494 (1992).  However, an award of nominal damages, while triggering "prevailing party" status, will not often support an award of attorney's fees.  See Benton v. Oregon Student Assistance Comm'n, 421 F.3d 901 (9th Cir. 2005).  As the Supreme Court explained, "the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury."  Farrar, 506 U.S. at 115, 107 S.Ct. 2672 (citation omitted).  "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all."  Id. (internal

citations omitted).  In order for a plaintiff to obtain an award of attorney's fees under these circumstances, he must show he obtained "other tangible results" or point to some manner in which the litigation succeeded in addition to obtaining a judgment for nominal damages.  Benton, 421 F.2d at 905.

In the present case, Plaintiff did not achieve other tangible results or succeed in addition to obtaining a judgment for nominal damages.  He continues to work as a painter for DES.  His job duties and workplace conditions do not appear to have changed in any material manner.   Defendants' policies applicable to painters at DES also essentially are the same.  In short, this litigation accomplished little beyond giving to the Plaintiff the satisfaction of having a Court  recognize that his constitutional rights were violated.  Accordingly, an award of attorney's fees to the Plaintiff is not appropriate.

## Conclusion

Based on the foregoing, the Court:  (1) GRANTS IN PART and DENIES IN PART Defendants' Renewed Motion for Judgment as a Matter of Law; (2) DENIES Defendants' Alternative Motion for a New Trial; (3) DENIES Plaintiff's Motion to Affirm Jury Award to Plaintiff; (4) STRIKES Plaintiff's Joinder in Defendants' Motion for a New Trial; and (5) DENIES Plaintiff's Motion

for Attorney's Fees. The Clerk is hereby directed to enter judgment in favor of Plaintiff for $1.00.

       IT IS SO ORDERED.

       Dated: Honolulu, Hawaii, January 18, 2006.

_____
Barry M. Kurren
United States Magistrate Judge

HOWARD W.C.C. TOM SUN V. CITY & COUNTY OF HONOLULU, ET AL.; CV. NO. 00-00397 BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL, DENYING MOTION TO AFFIRM JURY AWARD TO PLAINTIFF, STRIKING PLAINTIFF'S JOINDER IN DEFENDANTS' MOTION FOR A NEW TRIAL , AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES